**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 28, 2005**

**FOR THE TENTH CIRCUIT**

HONG LIN JIANG,

Petitioner,

v.

ALBERTO R. GONZALES, *

Respondent.

No. 04-9585
(A77-993-500)
(Petition for Review)

**ORDER AND JUDGMENT** **

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

_____

\*      On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hong Lin Jiang, a citizen of the People's Republic of China, appeals the denial of his petition for asylum, restriction on removal,[1] and relief under the United Nations Convention Against Torture (CAT).[2] We take jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

## I.

Mr. Jiang asserts that his father started practicing Falun Gong[3] in 1996. In July 1999, the Chinese government banned Falun Gong and began persecuting Falun Gong followers. According to Mr. Jiang, around April 2001, the police discovered his father's involvement with Falun Gong and visited the family's house. A search uncovered Falun Gong materials in his father's room, which they seized. Because Mr. Jiang's father was not home, the police took Mr. Jiang to the station, where they questioned him for about thirty minutes. The police released

---

[1] "Restriction on removal was known as 'withholding of removal' prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996." *Elzour v. Ashcroft*, 378 F.3d 1143, 1148 n.5 (10th Cir. 2004). We use the newer term "restriction on removal." *See* 8 U.S.C. § 1231(b)(3).

[2] The formal name of the Convention Against Torture is the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85. *See Elzour*, 378 F.3d at 1150 n.8.

[3] "Falun Gong is an international movement, though primarily Chinese, that is often referred to as a 'religion' (or, by its critics, as a 'cult'), though it is not a religion in the Western sense. . . . The emphasis is on spiritual self-perfection through prescribed physical exercises; in this respect the movement has affinities with traditional Chinese medicine." *Iao v. Gonzales*, 400 F.3d 530, 532 (7th Cir. 2005).

him with a request that his father report to the police station. Mr. Jiang returned home. He did not speak with his family, though, because while he was at the police station, his father, mother, and brother heard of the police visit and fled.

About two weeks later, the police returned, looking for Mr. Jiang's father. Mr. Jiang testified that they told him that, if his father did not report to the station that day, the rest of the family would be arrested. Mr. Jiang left home and went into hiding until he was smuggled out of China to Vietnam. He arrived in the United States on October 1, 2001, and petitioned for asylum, restriction on removal, and relief under the CAT, all of which were denied. The Bureau of Immigration Appeals (BIA) affirmed without opinion, and Mr. Jiang appeals.

## II.

When the BIA summarily affirms the decision of the Immigration Judge (IJ), we review the IJ's decision as if it were the decision of the BIA. *Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004).

To be considered for asylum, Mr. Jiang must prove that he meets the statutory definition of "refugee," i.e., that he faces "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1)(A). "Because [petitioner's] application failed on refugee status, our review is limited, in breadth, to that threshold determination." *Vatulev*

*v. Ashcroft* , 354 F.3d 1207, 1209 (10th Cir. 2003).  "Our review is further limited, in depth, to evaluating whether the record on the whole provides substantial support for that determination or, rather, is so decisively to the contrary that a reasonable factfinder would have concluded petitioner is a refugee."     *Id.*  In immigration proceedings, it is the province of the BIA and the IJ to make factual findings, including credibility determinations.  Consequently, we do not disturb an IJ's factual findings, so long as "they are substantially reasonable and supported by specific, cogent reasons."     *Sviridov v. Ashcroft*  , 358 F.3d 722, 729 (10th Cir. 2004).

Mr. Jiang asserts past persecution and the likelihood of future persecution on account of political opinion, due to his father's practice of Falun Gong.     [4]  "On its face, this claim is cognizable under the asylum statute."     *Vatulev* , 354 F.3d at 1209.  "Thus, our disposition turns on whether petitioner presented evidence sufficient to compel a reasonable factfinder to accept [his] version and legal characterization of the events prompting [his] application for asylum."     *Id.*

---

[4]     At the hearing, Mr. Jiang's testimony regarding past persecution concerned the police visit and questioning regarding his father's Falun Gong materials and the police's threats to arrest Mr. Jiang if his father did not turn himself in.  On appeal, Mr. Jiang claims for the first time that he himself has begun practicing Falun Gong since he arrived in this country.  We do not address Mr. Jiang's new argument because this court does not consider new issues on appeal.     *See Nguyen v. INS* , 991 F.2d 621, 623 n.3 (10th Cir. 1993).

Mr. Jiang had little evidence other than his own testimony, and the IJ stated that "this case basically comes down to [the] credibility of this individual." Admin. R. at 34. The IJ discounted Mr. Jiang's credibility because it "was not sufficiently detailed, consistent, or believable to provide a plausible and coherent account of the basis for his fears." *Id.* at 35. Particularly, the IJ was troubled by Mr. Jiang's account of his interactions with police, finding his description of his family's actions "not reasonable" and without coherent explanation. *Id.* at 36. The IJ also was troubled by Mr. Jiang's testimony about his documentation to enter the United States and his explanation why he threw his passport and tickets away before immigration officials contacted him, his inability to recall details about his travels to the United States, and by specific inconsistencies and implausibilities in parts of his testimony. Further, the IJ noted that Mr. Jiang did not present items within his control that would have enhanced his credibility.

"An IJ's adverse credibility determination may appropriately be based upon such factors as inconsistencies in the witness' testimony, lack of sufficient detail, or implausibility." *Elzour v. Ashcroft*, 378 F.3d 1143, 1152 (10th Cir. 2004). Our review of the record indicates that the IJ identified the required specific, cogent factors, that the factors he cited were appropriate in evaluating Mr. Jiang's credibility, and that his determination is substantially reasonable and is supported

by the record as a whole.  On this record, a reasonable factfinder is not compelled to conclude that Mr. Jiang has proven refugee status.

Because Mr. Jiang falls short of meeting the standard for asylum, he also cannot establish his entitlement to restriction on removal, which involves even more stringent standards.  *See Estrada-Escobar v. Ashcroft*, 376 F.3d 1042, 1048 (10th Cir. 2004).  Further, the CAT requires a showing that it would be more likely than not that Mr. Jiang would be tortured if he were to return to China.  *See Sviridov*, 358 F.3d at 729.  We conclude that there is substantial evidence supporting the IJ's determination that Mr. Jiang is not entitled to relief under the CAT.

The petition for review is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge
